UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| EMILIO FUSCO, | |
|---|---|
| Petitioner, | |
| v. | CIVIL ACTION NO. 17-cv-10771-DHH |
| JEFFREY GRONDOLSKY, Warden, FMC Devens, | |
| Respondent. | |

## ORDER

**August 27, 2018**

Hennessy, M.J.

Petitioner Emilio Fusco has filed a petition for writ of habeas corpus (the "petition") under 28 U.S.C. § 2241, in which he challenges the execution of his federal prison sentence. Petitioner contends that the Bureau of Prisons (the "BOP") improperly calculated his sentence by not awarding him credit for time he served in federal prison on a prior sentence. Specifically, Petitioner claims he is entitled to prior custody credit of 900 days served as part of a sentence imposed in a case separate from the case on which he is now serving a 300-month sentence. The parties have consented to my jurisdiction. Docket #15, #16.

Respondent Jeffrey Grondolsky, former warden of Federal Medical Center, Devens, where Petitioner is incarcerated, has filed a motion to dismiss, docket #17, arguing that imprisonment Petitioner served toward a prior sentence cannot be credited toward a subsequent prison sentence because double credit is prohibited under 18 U.S.C. § 3585(b) and U.S.S.G.

1

§ 5G1.3. The motion has been fully briefed and is ripe for adjudication. See docket #18 (Respondent's brief supporting dismissal); docket #21 (Petitioner's brief opposing dismissal).

For the reasons set forth below, Respondent's motion to dismiss is GRANTED, and the instant petition is DENIED.

I. BACKGROUND

Petitioner was a "made member" of the Genovese Organized Crime Family of La Cosa Nostra. Docket #18-4 at 2; docket #21-1 at 8. Members and associates of the Genovese Organized Crime Family "have engaged in numerous crimes including murder; assault; extortion; operating illegal gambling businesses; financing, making, and collecting extortionate extensions of credit (known as loansharking); and narcotics trafficking." Docket #18-4 at 2.

Respondent has submitted a declaration of BOP Management Analyst Deborah Colston that recites Petitioner's criminal history relevant to this motion.[1] Docket #18-1. According to the declaration and supporting exhibits, Petitioner was prosecuted in the U.S. District Court for the District of Massachusetts in United States v. Fusco, No. 00-cr-30036-MAP (D. Mass.) ("Fusco I"). In that case, the Federal Bureau of Investigation arrested Petitioner on December 15, 2000. Id. ¶ 5. On December 20, 2000, Petitioner was released on bond. Id. Petitioner ultimately pleaded guilty to Racketeering Conspiracy and Conspiracy to Launder Money, and was sentenced to 33 months in prison. Id.; see docket #18-3 at 2-3. Petitioner was ordered to voluntarily surrender to BOP for service of his sentence on November 14, 2003. Docket #18-1 ¶ 5. He surrendered on November 28, 2003. Id. On May 9, 2006, Petitioner reached his 33-month sentence Good Conduct Time Release Date and was released from BOP custody to serve a three-year term of supervised release. Id. ¶ 6. Based on Respondent's submission, it appears

---

[1] Petitioner has not disputed the accuracy or authenticity of his criminal history as recounted in Colston's declaration.

2

that Petitioner served 900 days in prison on Fusco I—from his arrest date of December 15, 2000 through December 20, 2000, when he was released on bond (6 days); and from his voluntary surrender date of November 28, 2003 through his release date of May 9, 2006 (894 days). Id. ¶ 11.

Approximately four years later, on July 20, 2010, Petitioner was charged in the U.S. District Court for the Southern District of New York with Racketeering Conspiracy, Extortion, and Interstate Travel in Aid of Racketeering, in United States v. Fusco, No. 09-cr-01239-9 (PKC) (S.D.N.Y.) ("Fusco II"). See id. ¶ 7. Petitioner was arrested in Italy on July 29, 2010; on May 13, 2011, he was extradited from Italy to the United States. Id. On October 17, 2012, Petitioner was convicted of Racketeering Conspiracy, Extortion Conspiracy, and Interstate Travel in Aid of Racketeering. Id. ¶ 8; see docket #18-6 at 2-3. During the trial of Fusco II, the Government presented evidence concerning Petitioner's conviction from Fusco I, including the fact of Petitioner's guilty plea to Racketeering Conspiracy. See docket #21-1 at 27. Attached to Petitioner's opposition to the instant motion are copies of portions of relevant indictments, judgments, and transcripts from hearings and trials in Fusco I and Fusco II. Id. at 27-43. On October 11, 2012, Petitioner was sentenced in Fusco II to 300 months' imprisonment. Docket #18-1 ¶ 8. Assuming he receives maximum credit for good conduct, his projected release date is June 1, 2032. Id. ¶ 9.

While incarcerated on Fusco II, Petitioner sought an administrative remedy through the BOP concerning the calculation of his sentence. Docket #1 at 2; see docket #18-8 at 2-7. He claimed that his two Racketeering Conspiracy sentences "are the same," and that under U.S.S.G. § 5G1.3, he is entitled to custody credit in his Fusco II sentence for time he spent in custody on Fusco I. Docket #1 at 7. The BOP's Designation and Sentence Computation Center (the

"DSSC") denied Petitioner's request because the credit he sought for his sentence in Fusco II already had been applied to his sentence in Fusco I. Docket #18-8 at 3. The DSSC concluded that the credit Petitioner sought could not be applied twice. See id. Petitioner exhausted administrative remedies by appealing within the BOP the DSSC's decision.[2] See id. at 4-7.

On April 24, 2017, Petitioner filed the instant petition.[3] Docket #1. Proceeding pro se, Petitioner again seeks custody credit toward his Fusco II sentence for the time he spent in prison serving his Fusco I sentence. Petitioner claims that the conduct for which he was convicted in Fusco II "was the same relevant conduct from the 2003 [Fusco I] conviction [sic]," docket #21 at 6, noting that he was charged in both prosecutions with being a member of the Genovese Organized Crime Family who engaged in "the same predicate acts of collecting extensions of credit by extortionate means and conspiracy, illegal gambling activity, and loansharking," id. at 8. Petitioner further argues that the conspiracy of which he was convicted in Fusco II "is nothing more than" the conspiracy of which he was convicted in Fusco I. Id.

In lieu of a return, Respondent filed the instant motion to dismiss for failure to state a claim. Docket #17. Petitioner opposes dismissal. Docket #21. In his opposition to the motion to dismiss, Petitioner raised for the first time a claim that his sentence in Fusco II violates the Constitution's Double Jeopardy Clause. See id. at 3-8.

On March 22, 2018, Petitioner moved to consolidate the instant case and a second habeas corpus action he filed in this Court, Fusco v. Spaulding, No. 18-cv-40035-DHH (D. Mass.).

---

[2] Respondent concedes that Petitioner exhausted administrative remedies. Docket #18 at 1 n.1.

[3] The petition was filed in the U.S. District Court for the Southern District of New York, and the case was transferred to this district. See docket #2. The United States was terminated as a respondent, and Jeffrey Grondolsky, then the warden of FMC Devens, where Petitioner is incarcerated, was named as respondent. See docket #5 at 1.

4

Docket #22. That motion to consolidate has been granted. Docket #23. This opinion addresses only the petition filed in Petitioner's 2017 action.

II.  STANDARD OF REVIEW

   A.  Motion to Dismiss Standard for a Pro Se Litigant

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citation omitted). "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)) (citing Fed. R. Civ. P. 12(d)). There lies an exception to this rule "for documents the authenticity of which [is] not disputed by the parties; for official public records; for documents central to [a] plaintiff[']s claim; or for documents sufficiently referred to in the complaint." Id. (quoting Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations and footnote omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Despite this generous standard,

"Rule 12(b)(6) is not entirely a toothless tiger . . . . The threshold for stating a claim may be low, but it is real." Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (quotation omitted). The complaint therefore must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); see DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (explaining that the complaint must "allege a factual predicate concrete enough to warrant further proceedings"). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that [the] plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotation and original alterations omitted).

A pro se litigant's filings are to be "liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, a pro se complaint, "however inartfully pleaded," must be held to a "less stringent standard than formal pleadings drafted by lawyers." Id. (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, "[t]his is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980) (citation and footnote omitted).

B.      Petitioner's Challenge to the Calculation of His Sentence

Pursuant to 28 U.S.C. § 2241(c)(3), a federal inmate may challenge the execution of his sentence that is allegedly in violation of the Constitution, laws, or treaties of the United States. See Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015) (quoting 28 U.S.C. § 2241(c)(3)) (citation omitted). Such a petition can challenge the "manner, location, or condition of a

sentence's execution." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (citations omitted). This includes the "computation of a prisoner's sentence by prison officials." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)).

The Attorney General, through the BOP, has the responsibility to administer federal sentences, United States v. Wilson, 503 U.S. 329, 331, 335 (1992), and the exclusive authority "to determine when to give a defendant credit against a sentence for time he has served," United States v. Jones, 34 F.3d 495, 499 (7th Cir. 1994) (citing Wilson, 503 U.S 329, and Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993)).

The calculation of a term of imprisonment is governed by 18 U.S.C. § 3585 and depends upon the date a sentence commences and upon any credit for prior custody. See 18 U.S.C. § 3585. Section 3585(a) defines the commencement date of a federal sentence—a matter undisputed in the instant case. Section 3585(b) governs credit for prior custody. It provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). By enacting section 3585, "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337; accord United States v. Wetmore, 700 F.3d 570, 576 & n.3 (1st Cir. 2012) (citations omitted).

The instant petition also implicates section 5G1.3 of the United States Sentencing Guidelines. Entitled Imposition of a Sentence on a Defendant Subject to an Undischarged Term

7

of Imprisonment or Anticipated State Term of Imprisonment, that provision "covers four possible scenarios." United States v. Roman-Diaz, 853 F.3d 591, 598 (1st Cir. 2017). The relevant subsection is subsection (b), which applies when a district court is calculating a sentence to be imposed on a criminal defendant who is serving another, undischarged prison term that "resulted from another offense that is relevant conduct to the instant offense of conviction." U.S.S.G. § 5G1.3(b).[4] In so doing,

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).

By its terms, subsection (b) applies to only an "undischarged term of imprisonment." Id.; see, e.g., United States v. Ramirez, 252 F.3d 516, 519 (1st Cir. 2001) (collecting cases) (explaining that section 5G1.3 does not apply to a discharged term of imprisonment). "[T]he majority of circuits that have addressed the rule have held that as a matter of uniform federal law a sentence is discharged once a defendant is no longer in prison."[5] United States v. Hill, 455 F. App'x 121, 124 (2d Cir. 2012) (citing First Circuit and other cases). In other words,

---

[4] Subsection (a) governs offenses "committed while the defendant was serving a term of imprisonment . . . or after sentencing for, but before commencing service of, such term of imprisonment." U.S.S.G. § 5G1.3(a). Subsection (c) governs when "subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction." Id. § 5G1.3(c). And subsection (d) governs "any other case involving an undischarged term of imprisonment." Id. § 5G1.3(d). "Relevant conduct" is defined at U.S.S.G. § 1B1.3.

[5] As used in the Sentencing Guidelines, "imprisonment" means "time in a penal institution." Prewitt v. United States, 83 F.3d 812, 817 (7th Cir. 1996) (quoting United States v. Phipps, 69 F.3d 159, 162-63 (7th Cir. 1995)). Thus, a defendant on supervised release is not serving an "undischarged term of imprisonment," U.S.S.G. § 5G1.3(b), and therefore does not qualify to benefit from section 5G1.3(b). Cf. United States v. Cofske, 157 F.3d 1, 1-2 (1st Cir. 1998) (per curiam) (citations omitted) (holding, where the defendant was serving probation on a state-court sentence, that "an undischarged term of probation is not an 'undischarged term of imprisonment'" under section 5G1.3).

"'[u]ndischarged' means 'ongoing.'" United States v. Phipps, 68 F.3d 159, 162 (7th Cir. 1995) (citing United States v. Yahne, 64 F.3d 1091, 1095-97 (7th Cir. 1995)); cf. United States v. Lucas, 745 F.3d 626, 629 (2d Cir. 2014) (noting that undischarged is "manifestly" unambiguous and that "[s]ection 5G1.3(b) cannot be interpreted to mean more than it says").

"As the First Circuit has explained, '[a] defendant's eligibility for [a benefit under § 5G1.3(b)] is derivative of his eligibility for a concurrent sentence' under 18 U.S.C. § 3584." Id. (quoting Ramirez, 252 F.3d at 519) (alterations in original). 18 U.S.C. § 3584, which is the basis of the Court's discretion under section 5G1.3(b), makes two categories of criminal defendants eligible for a concurrent sentence: defendants "subject to 'multiple terms of imprisonment . . . imposed . . . at the same time,'" and defendants "already subject to an undischarged term of imprisonment." Id. (quoting 18 U.S.C. § 3584). "Nothing in [section 3584] authorizes the district court to extend the benefit of a concurrent sentence to a third category of defendants, those who have previously served sentences, now completed, for related crimes." Id.

III. ANALYSIS

Petitioner claims that his sentences in Fusco I and Fusco II "are the same" and argues he was improperly denied custody credit in Fusco II for his prison term in Fusco I. Docket #1 at 7. It is undisputed that the prison time in question was credited to Petitioner's sentence in Fusco I. Under section 3585, custody credit cannot be awarded for time that has "been credited against another sentence." See 18 U.S.C. § 3585(b). Granting Petitioner the credit he seeks in Fusco II would countermand this controlling statute. See Wilson, 503 U.S. at 337; Wetmore, 700 F.3d at 576 & n.3.

9

Petitioner relies on section 5G1.3(b) in arguing that he should receive a credit towards his sentence in Fusco II. I find that Petitioner does not meet section 5G1.3's requirements. As explained above, that section applies only when a defendant is serving an undischarged prison term at the time of sentencing. See, e.g., Ramirez, 252 F.3d at 519. Here, Petitioner completed his prison term from Fusco I in 2006—approximately four years before he was charged in Fusco II. Because Petitioner no longer was imprisoned on Fusco I when the Fusco II sentence was imposed, the Fusco I sentence was not "undischarged." See Hill, 455 F. App'x at 124; Phipps, 68 F.3d at 162. Moreover, eligibility for custody credit under section 5G1.3 derives from eligibility for a concurrent sentence under 18 U.S.C. § 3584. See Lucas, 745 F.3d at 629. The First Circuit has held that a defendant who already has completed a sentence imposed for a related crime is ineligible to benefit from that statute. See id. (quoting Ramirez, 252 F.3d at 519). So here. Section 5G1.3 thus does not apply.

For these reasons, I conclude that U.S.S.G. § 5G1.3 does not entitle Petitioner to a credit in Fusco II for the time he served in prison on Fusco I. Accordingly, I find that the instant petition fails to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery," Gooley, 851 F.2d at 515, rendering the petition subject to dismissal.

IV. CLAIM NOT IN THE PETITION

Finally, I briefly address Petitioner's claim, first raised in his opposition to dismissal, that his sentence in Fusco II violates the Double Jeopardy Clause. See docket #21 at 3-8. The instant petition does not reference or invoke double jeopardy. See generally docket #1. "It is the petition for a writ of habeas corpus, not subsequently filed memorandum, which defines the claim for habeas relief. Therefore, [Petitioner's] new ground[] for relief [is] barred because [it

was] not included in the Petition, and [it is] presented for the first time in his memorandum." Fencher v. Roden, No. 13-cv-11937-RGS, 2015 WL 4111329, at *8 (D. Mass. July 8, 2015) (quoting Rules Governing Section 2254 Cases in the United States District Courts, Rules 2(c)-(d)); see also, e.g., Johnson v. Bowers, No. CV 14-02493-JLS (DFM), 2014 WL 6837240, at *3 (C.D. Cal. Dec. 3, 2014) (citation omitted) (declining to address pro se petitioner's § 2241 claim raised "for the first time in his Opposition to Respondent's Motion [to Dismiss]"); de Minnella v. Santa Ana, No. SACV 13-00068 JGB (FFM), 2013 WL 3121988, at *4 n.4 (C.D. Cal. June 19, 2013) ("Moreover, the [§ 2241] claim is improperly before the Court because [pro se] Petitioner raised it for the first time in her opposition to Respondent's motion to dismiss." (citation omitted)).

Furthermore, Petitioner's petition in his 2018 action consolidated with the instant case expressly raises the double jeopardy claim that Petitioner advanced in opposition to the instant motion to dismiss. See Fusco v. Spaulding, No. 18-cv-40035-DHH, docket #1 at 6 ("GROUND ONE: The Petitioner['s] sentence violates the Double Jeopardy Clause."); see also id. at 7 (reciting "[s]upporting facts" concerning Petitioner's sentences in Fusco I and Fusco II). Accordingly, the Court will address Petitioner's double jeopardy claim, as appropriate, in the 2018 action.

## Conclusion

Respondent's motion to dismiss, docket #17, is GRANTED. The petition for writ of habeas corpus filed in this action is DENIED.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge